RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/24/14

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JIMMIE BURGESS AND REGENAL BURGESS** | : | **DOCKET NO. 2:14-2614** |
| | | |
| **VS.** | : | **JUDGE TRIMBLE** |
| | | |
| **BROOKSHIRE BROTHERS, INC. AND JASON NELSON** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a "Motion to Dismiss" (R. #5) wherein defendant, Jason Nelson moves the court to be dismissed from the instant lawsuit pursuant to Article 12(b)(6) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

In their complaint, plaintiffs allege that on or about August 17, 2013, Jimmie Burgess was shopping at the Brookshire Brothers store located in DeQuincy, Louisiana when suddenly and without warning, she slipped in a liquid substance believed to be poultry blood and water causing her to fall resulting in injuries. Plaintiff further alleges that her slip and fall was attributable to Brookshire Brothers, its agents, servants and employees, including the store manager, defendant, Jason Nelson.

Plaintiffs complain that defendants:

a.       failed to provide a safe environment in the store;

b.       allowed a liquid substance on the floor causing a slipping hazard;

c.       failed to maintain the floors in a safe condition;

d.      failed to inspect the premises;

e.      failed to warn plaintiff of the unsafe condition, when defendants knew or should have known of the unsafe condition of the floors;

f.      improperly handled poultry packages and/or placement of the poultry into the display case;

g.      failed to take adequate measures regarding products defendants knew or should have known had the tendency to leak and create a hazardous condition;

h.      instructed, trained and/or allowed employees to take inadequate measures regarding a product that defendants knew or should have known had the tendency to leak and thereby create a hazardous condition;

I.      any other negligent acts.

Plaintiff and her husband are seeking damages, including medical expenses, pain and suffering, mental pain and suffering, disability, loss of earning capacity, loss of enjoyment of life and other damages to be proven at trial.

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[2]  The plaintiff's complaint is to

---

[1]  Hitt v. City of Pasadena, 561 F.2d 606,608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[2]  Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

2

be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3]  In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4]  "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5]  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6]  "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8]  A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[9]  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[10]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[3]  Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4]  Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[5]  Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[6]  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[7]  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[8]  Bell Atlantic Corp. v. Twombly,  550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[9]  Id.

[10]  Id., at 557, 127 S.Ct. 1955.

3

as true, to "state a claim to relief that is plausible on its face."[11]

## LAW AND ANALYSIS

Defendant, Jason Nelson, seeks to be dismissed from the instant lawsuit because plaintiff's claims arise solely from his position as store manager. Brookshire Brothers removed this matter from state court arguing that Mr. Nelson was improperly joined as a defendant to defeat diversity jurisdiction. He now moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion will be granted if based on the allegations in the complaint, plaintiffs are unable to prove any set of facts in support of their claim that would entitled them to relief under the law.[12]

Mr. Nelson argues that plaintiff's complaint fails to allege any specific acts or omissions committed by him that support any claim of liability other than he was the manager of the store when Mrs. Burgess fell. Mr. Nelson relies on Canter v. Koehring Co.,[13] to support his position that "personal liability cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment." Mr. Nelson argues that even if one inferred from the complaint that plaintiff was negligent in his managerial duties, such an allegation does not constitute a claim against him as a matter of law under Louisiana law.

Plaintiffs maintain that Mr. Nelson has failed to prove that there is no reasonable basis for

---

[11] Id., at 570, 127 S.Ct. 1955.

[12] McKinney v. Irving Independent School District, 309 F.#d 308, 312 (5th Cir. 2002), cert. denied,537 U.S. 1194, 123 S.Ct. 1332 (2003).

[13] 283 So.2d 716, 721 (La. 1973).

the court to predict that plaintiffs might be able to recover from Mr. Nelson, or a subordinate manager or employee.  Alternatively, plaintiffs submit that the motion should be stayed so that discovery can be had.

The court agrees that this case is in its infancy.  Furthermore, the court is being asked to rely on evidence outside of the record, specifically the affidavit of Mr. Nelson.  Thus, we find that it is more appropriate to convert the motion to dismiss to a motion for summary judgment and further to allow the parties to conduct discovery.

## ORDER

**IT IS ORDERED** that the motion to dismiss is hereby converted to a motion for summary judgment.  The parties have 90 days from the date of this order to conduct the necessary discovery and file any summary judgment evidence, a statement of material facts, and memoranda to support and/or oppose the motion for summary judgment.  If any further responses and/or replies are necessary, the parties may request additional time for said filings.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of October, 2014.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

5