U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 9 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JIMMIE BURGESS AND REGENAL BURGESS | : | DOCKET NO. 2:14-2614 |
| VS. | : | JUDGE TRIMBLE |
| BROOKSHIRE BROTHERS, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a motion for summary judgment[1] (R. #5) wherein defendant, Jason Nelson, seeks to have plaintiffs' claims dismissed with prejudice pursuant to Federal Rule of Civil Procedure 56(c) because there are no genuine issues of material fact for trial, and defendant, Mr. Nelson, is entitled to judgment in his favor. Plaintiffs oppose the motion.

### FACTUAL STATEMENT

On August 17, 2013, plaintiff, Jimmie Burgess, was shopping at Brookshire Brothers Grocery Store ("Brookshire Brothers") in DeQuincy, Louisiana which is operated by Brookshire Brothers, Inc, when she slipped and fell on a liquid substance, possibly a mixture of poultry blood and water. At the time of the incident, defendant, Jason Nelson, was the store manager for Brookshire Brothers.[2] As the store manager, Mr. Nelson's duties included ensuring that the store was being maintained in a safe, hazard-free environment.[3]

---

[1] The motion was originally filed as a motion to dismiss; the undersigned converted the motion to dismiss to a motion for summary judgment by order dated October 24, 2014.(R. #8).

[2] Petition for damages, ¶¶ 1 and 2. R. #1.

[3] Defendant's exhibit, Nelson depo. p. 19.

Prior to the accident, Mr. Nelson was aware that bagged chicken leg quarters were placed in a clear grocery bag.[4]

At the time of the incident, Mr. Nelson was off of work; he was not on duty, nor was he at the store.[5] When Mr. Nelson is not on duty, other qualified managers are responsible for the operations at the store.[6] The market manager is typically in charge of operations specific to the meat and poultry section of the store.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-

---

[4] Plaintiffs' exhibit , Nelson depo. p. 42.

[5] Defendant's exhibit, Nelson affidavit, ¶ 3.

[6] Id., ¶ 4.

[7] Fed. R.Civ. P. 56(c).

[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[9] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[14]

## LAW AND ANALYSIS

Plaintiffs seek to impose liability on Mr. Nelson solely because he was the store manager when Mrs. Burgess allegedly slipped and fell. However, "personal liability cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment."[15] Specifically, in order for plaintiff to impose personal liability against Mr. Nelson, they must establish that Mr. Nelson had:

> a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated

---

[10] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[11] Anderson, 477 U.S. at 249.

[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[13] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[14] Anderson, 477 U.S. at 249-50.

[15] Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973); Brady v. Wal-Mart Stores, Inc., 907 F.Supp. 958, 960 (M.D. La. 1995); Harrod v. Zenon, 2003 WL 21748687, *2 (E.D. La. 11/02/99) *2.

with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its nonperformance or mal-performance and has nevertheless failed to cure the risk of harm.[16]

Plaintiffs rely on Thomas v. Wal-Mart La, LLC,[17] wherein the court allowed a manager to be sued arguing that plaintiff alleged an "uncontroverted claim of knowledge and failure to warn or correct", thus there was a reasonable possibility that Louisiana law would allow plaintiff a cause of action.[18] We find that this case is distinguishable; the defendant manager in Thomas "admitted that she had knowledge of the hazard and had failed to remedy it."[19] Such is not the case in this matter; Mr. Nelson was not on duty at the time of the incident, nor did he have knowledge of the alleged hazard.

Plaintiffs next rely on Smith v. Petsmart, Inc.,[20] wherein the court reversed the district court's denial of a motion to remand and dismissed the store's front-end manager. The court held that a store manager is a "person in charge" and therefore owes premises liability duties to invitees under Mississippi law.[21] First, we note that the Fifth Circuit specifically relied upon the assumption made under Mississippi law that a store manager may be held liable for negligence as a "person in charge" of the premises. Next, we note that in Smith, the front-end manager was the only manager **on duty**

---

[16] Canter, 283 So.2d at 721.

[17] 2011 WL 3418322 (W.D. La. August 3, 2011).

[18] Thomas, at *12-13.

[19] Thomas, at 4.

[20] 2008 U.S. App. LEXIS 10508 (U.S. Fifth Cir. 2008).

[21] Id. at *7.

4

at the time of the incident that was the subject matter of the suit. Thus, based on the front-end manager's admission that she was the only manager on duty, the court concluded that there was a possibility that a fact finder would consider her to be a "person in charge of the premises" and thus, the matter was remanded to the state court for resolution of the merits of plaintiff's claims.[22]

Plaintiffs assert that all factors to consider under Louisiana Revised Statute article 9:2800.6 have been met arguing that Mr. Nelson failed to take adequate corrective measures despite "actual knowledge of the hazard created by the leg quarters that had a tendency to leak."[23] The quoted language in the preceding sentence is from plaintiffs' memorandum in opposition, but a careful review Mr. Nelson's deposition excerpt as provided by plaintiffs does not comport with the quoted language. Plaintiffs rely on Mr. Nelson's testimony that he was aware that leg-quarters were being placed in clear plastic bags and that he could have possibly ordered thicker bags. Plaintiffs further rely on Mr. Nelson's testimony that after the incident, they began to make sure that leg quarters remained frozen in the display case and that nothing prevented him from keeping them frozen prior to the incident.

Defendant cites Louisiana jurisprudence which declines to hold managers personally liable based on a general administrative duty. Moreover, Louisiana has failed to hold a manager personally liable when he was not on duty and in his absence had delegated responsibility for store operations to other employees.[24] Defendant further relies on Watson v. Daniel,[25] which acknowledged that

---

[22] Id. at * 11.

[23] Plaintiffs' opposition to defendant's motion for summary judgment, p. 7 (R. #12)

[24] See Burnett v. M & E Food Mart, Inc., 772 So.2d 393, 395 (La. App. 3d Cir. 11/15/00) writ denied, 786 So.2d 101 (La. 02/16/01); Harrod v. Zenon, 2003 WL 21748687, *2-3 (E.D. La. 7/25/03)(holding that a manager is not personally liable simply because of generalized

5

Louisiana courts have routinely held that managers are not personally liable for a customer's injury on store premises when the manager had no connection to the accident other than general responsibilities. In Watson, the manager of the restaurant who was on duty, was dismissed because he had no personal involvement and did not have knowledge of the substance or foreign item on the floor at the time of the plaintiff's fall. Thus, the court held that plaintiff failed to show a reasonable basis to predict that plaintiff might be able to recover against the manager in connection with her fall.[26]

Mr. Nelson's liability cannot be based simply upon his responsibility as the store manager. We find that there is no possibility of recovery against Mr. Nelson based on his general administrative duties. Louisiana jurisprudence clearly indicates that when managers have no connection other than general managerial responsibilities, personal liability is improper.

## **CONCLUSION**

For the reasons set forth above, defendant, Jason Nelson's motion for summary judgment will be granted dismissing this defendant with prejudice. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

---

administrative responsibilities citing Canter v. Koehring Co., 283 So.2d 716 (La. 1973)).

[25] 2015 WL 737650, *4 (W.D. La. 1/9/15).

[26] Watson at *5.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of March, 2015.

                                                         JAMES T. TRIMBLE, JR.
                                                        UNITED STATES DISTRICT JUDGE